LIBBIE WARE v. HIRAM HITCHCOCK et al.

No. 12,574.   (69 Pac. 355.)

SYLLABUS BY THE COURT.

TITLE AND OWNERSHIP—*Preemption of Public Lands—Osage Trust and Diminished Reserve.*  Prior to May 9, 1872, the general principles of the preemption laws did not apply to the entry and purchase of Osage trust and diminished reserve lands, and where a settlement was made upon such land, but the settler died before taking any steps to procure title to the land, and where the widow of such settler, who was herself a qualified purchaser, made an entry and purchase of such land in her own name before May 9, 1872, complete title will be in her, and will not inure to the benefit of the heirs of her deceased husband.

Error from Sumner district court; W. T. McBRIDE, iudge.   Opinion filed July 5, 1902.   Affirmed.

*C. J. Garver*, and *Levi Ferguson*, for plaintiff in error.

*C. E. Elliott*, and *Herrick & Rogers*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J. : In this action Libbie Ware sought the partition of a tract of land in Sumner county, in which Hiram Hitchcock and four of his children had an interest.   It constituted a part of the Osage trust and diminished reserve lands, and in September, 1870, David Spencer and his wife, Catherine M. Spencer, settled and made some improvements upon it.   They had one child, Libbie Spencer, who is the plaintiff in this action, and was then about seven years of age.   In January, 1872, David Spencer died without having entered or taken any steps to procure title to the land.   Mrs. Spencer and the child continued to reside upon the premises, and in March, 1872, the mother, being an actual settler and the

head of a family, entered the land in her own name, under the act of congress of July 15, 1870, paid the government price therefor, and the final receipt and patent were issued to .her. In September, 1872, she was married to the defendant Hiram Hitchcock, and four children were born of that marriage, who were also named as defendants in this action. She and her husband and children occupied the land until September 10, 1897, when she died intestate, leaving as heirs at law her husband and five children, including the plaintiff.

Libbie Ware, formerly Libbie Spencer, resided with her mother upon the land in controversy until February, 1883, but no part of the rent or proceeds was ever received by her, and she never instituted any proceeding asserting an interest in the land until August, 1898, more than seventeen years after reaching her majority, and after she knew that Mrs. Hitchcock was holding and occupying it adversely to her.

The plaintiff claims that the entry made by Catherine M. Spencer was for the benefit of the heirs then existing, and that, as she and her mother were the only heirs, she is entitled to one-half of the land. The trial court found that Hiram Hitchcock, the husband of the deceased owner, was entitled to the one-half interest in the land, and that Libbie and the other four children were each entitled to a one-tenth interest, and judgment awarding the shares in these proportions was entered. We think a correct conclusion was reached.

If the settlement and entry of the land had been made under the preemption law, or, rather, if the general principles of the preemption law had been applicable to Osage trust and diminished reserve land when the entry was made, there would be force in the

plaintiff's contention. Under the preemption act of September 4, 1841, where a settler upon land entitled to claim the benefits of that act dies before consummating his claim, an entry for the benefit of the heirs may be made by one of the heirs or representatives of the deceased preemptor, and the title to the land inures to such heirs. (U. S. Rev. Stat. § 2269.)

The provisions of that act, however, had no application to Osage trust and diminished reserve lands at the time the entry in question was made. The land, as we have seen, was entered by Mrs. Spencer in March, 1872, under section 12 of the act of congress of July 15, 1870. (16 Stat. at L. 362.) That act prescribed the requirements for the purchase of such lands, and the only conditions necessary to the right of purchase were that the purchaser should be an actual settler, who was either the head of a family or over twenty-one years of age, and that the purchases should be of quantities not exceeding 160 acres, in square form, at the price of $1.25 per acre, payment to be made in cash within one year from the date of settlement or the passage of the act. The rules and limitations governing the preemption of lands were not incorporated in the act of July 15, 1870, and it was held in the early case of *Foster v. Brost*, 11 Kan. 350, that the principles of the preemption law did not apply to entries made under that act, but that the rights of purchasers are governed by the provisions of section 12 of the act. This view was adopted by the officers of the interior department, who ruled that the preemption laws were not extended over the Osage Indian lands by the act of 1870. (*United States v. Woodbury et al.*, 5 Land Dec. 303; *Debo Appeal*, 11 Land Dec. 372.)

Soon after the entry in question was made, and on

May 9, 1872, Congress enacted a law providing that the Osage Indian lands should be subject to disposal in accordance with the general principles of the pre-emption laws, but that act did not purport to cover, nor did it affect, purchases already made.   (17 U. S. Stat. at L. 90.)   When the entry was made Mrs. Spencer was a qualified purchaser, as she was the head of a family and an actual settler upon the land. No definite period of residence on the land was then required, and, therefore, it was not necessary that she should adopt or rely on the settlement or residence of her husband.   While his settlement qualified him as a purchaser, he had not claimed the benefit of, nor taken the steps required by, the statute ; hence the settlement gave him no interest in the land which could be completed by his heirs or which would descend to them.   The governing law did not authorize the sale and conveyance of Osage trust and diminished reserve land to the heirs of a settler, but required it to be sold to an actual settler who was the head of a family or over twenty-one years of age.   Under the purchase and patent Mrs. Spencer acquired complete title to the land, and did not hold it in trust for the plaintiff.

The judgment was right, and it will be affirmed.

CUNNINGHAM, GREENE, ELLIS, JJ., concurring.